**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRANK J. PATOCK, JR., DOUGLAS LYNCH, CLEARVIEW FINANCIAL, LLC and PLAATSDALE ASSOCIATES, LLC, <br><br> Defendants. | Civil No. 2006-190 |

**APPEARANCES:**

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff.*

**Steven Hogroian, Esq.**
St. John, U.S.V.I.
   *For defendant Frank J. Patock, Jr.*

**Douglas Lynch**
8 Rosedale Terrace, Holmdel, NJ 07733
   *Pro se defendant.*

**Benjamin A. Currence, Esq.**
St. Thomas, U.S.V.I.
   *For defendants Clearview Financial, LLC and Plaatsdale Associates, LLC.*

**MEMORANDUM OPINION**

**GÓMEZ, C.J.**

Before the Court is the motion of Frank J. Patock, Jr. ("Patock") to set aside the entry of default against him, and to

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 2

set aside this Court's March 20, 2008, Judgment.  For the reasons stated below, the Court will grant the motion.

## I. FACTS

On  January 16, 2004, Patock and Douglas Lynch ("Lynch") executed a promissory note, in which they promised to pay Flagstar Bank, FSB ("Flagstar") the principal amount of $640,000, plus interest, in monthly installments commencing on March 1, 2004 (the "Note").  As security for the repayment of the Note, Patock and Lynch executed a mortgage (the "Mortgage") in favor of Flagstar covering real property described as Parcel No. 157 Chocolate Hole, No. 11 Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on P.W.D. Drawing No. F-612-T60 comprising of 1 U.S. acres, more or less (the "Property").  Clearview Financial Services, LLC ("Clearview") and Plaatsdale Associates, LLC ("Plaatsdale") hold collateral mortgages on the Property.

On October 23, 2006, Mortgage Electronic Registration System, Inc. ("MERS"), as the mortgagee under the Mortgage and nominee for the lender Flagstar, initiated this action for debt and foreclosure.  MERS claims that Patock and Lynch defaulted under the terms of the Note and Mortgage.

MERS thereafter filed a return of service indicating that on October 30, 2006, MERS' complaint and summons were personally served on Patock at 8 Rosedale Terrace, Holmdel, NJ 07733 (the

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 3

"Rosedale Terrace" address). It also filed a return of service indicating that service was effected on Lynch by means of delivering MERS' complaint and summons to Patock, a person of suitable age and discretion, at the Rosedale Terrace address on October 30, 2006. Neither Patock nor Lynch have filed answers to MERS' complaint.

MERS requested entry of default on its complaint against Patock and Lynch, pursuant to Federal Rule of Civil Procedure 55(a) ("Rule 55(a)").[1] In December, 2006, the Clerk of the Court entered default against Patock and Lynch.

In July, 2007, MERS filed a motion for default judgment against Patock and Lynch and for summary judgment against Clearview and Plaatsdale.[2] On March 20, 2008, the Court granted MERS' motion and entered a judgment of foreclosure against the defendants. The Judgment was entered in favor of MERS and against Patock and Lynch for the principal amount of $606,139.45,

---

[1] That rule provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

[2] Clearview and Plaatsdale filed an answer to MERS complaint.

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 4

plus interest and late charges. It stated that the Mortgage held by MERS was a first priority lien on the Property, and that the collateral mortgages held by Clearview and Plaatsdale were second and third priority liens. It also directed the Property to be sold by the U.S. Marshals. Finally, the Judgment ordered that any proceeds remaining after the sale be returned to Patock and Lynch.

On April 21, 2008, Clearview and Plaatsdale appealed from the March 20, 2008, Judgment.

On June 17, 2008, Patock filed the instant motion to set aside the March 20, 2008, Judgment.[3]

On February 12, 2009, the United States Court of Appeals for the Third Circuit reversed the portion of the March 20, 2008, Judgment directing any remaining surplus be given to Patock and Lynch, and remanded the matter for further proceedings. On March 6, 2009, the mandate issued from the Third Circuit with respect to Clearview and Plaatsdale's appeal.[4]

---

[3] A litigant may file a motion to set aside a judgment with the district court either before or after filing a notice of appeal. *See Stone v. I.N.S.*, 514 U.S. 386, 401, 115 S.Ct. 1537, 1547 (1995).

[4] "The action of a court of appeals does not become final until its mandate is issued." *United States v. Felton*, 811 F.2d 190, 198 (3d Cir. 1987) (en banc). At that time, jurisdiction was re-vested in this Court. *See id.*

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 5

## II.  DISCUSSION

Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Generally, in ruling on a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b), the Court must consider the following three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir. 1985).

However, if the Court finds that the default judgment was improperly entered, consideration of those three factors is unnecessary and the judgment should be set aside as a matter of law. *Id.* (explaining that the factors "apply only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default"); *see also Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind,* 841 F.2d 646, 649 (5th Cir. 1988) ("When . . . a district court lacks jurisdiction over the defendant because of lack of service of process, the judgment is void and, under Rule 60(b)(4), the district court must set it aside, regardless of whether the movant has a meritorious defense." (internal citations omitted)).  "Any doubt should be resolved in favor of

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 6

the petition to set aside the [default] judgment so that cases may be decided on the merits." *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir. 1976).

### III.  ANALYSIS

Patock argues that the entry of default and the March 20, 2008, Judgment should be vacated because he was never actually served with MERS' complaint and summons in this case.

The Third Circuit has made clear that "[a] default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." *Gold Kist, Inc.*, 756 F.2d at 19.

As a general matter, the plaintiff bears the burden of establishing jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987).  However, the Second, Seventh, and Ninth Circuits have held that, if a defendant had actual notice of the action but failed to assert improper service of process until after the entry of a default judgment, that defendant bears the burden of proving that service did not occur.[5] *See, e.g., S.E.C. v. Internet Solutions for Business Inc.,* 509 F.3d 1161, 1165 (9th Cir. 2007); *Burda Media, Inc. v. Viertel,* 417 F.3d 292, 299 (2d Cir. 2005); *Bally Export*

---

    [5]  The Third Circuit has not addressed the issue.

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 7

*Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400-01 (7th Cir. 1986).

Here, MERS claims that Patock has long had notice of this action. MERS relies on a declaration of Ronald E. Miller ("Miller"), the managing member of Plaatsdale and Associates. Miller states that he had a telephone conversation with Patock about this matter on March 21, 2007, before the entry of the Judgment. However, Patock has submitted a declaration in which he states that the subject of his March, 2007, conversations with Miller was the possibility of filing a foreclosure action against Lynch on a different parcel of real property than the one implicated in this case. Patock further states that "the only time I spoke with Miller about the MERS foreclosure lawsuit was when I met with him on April 24, 2008. Neither before nor after that date have I spoken, either on the telephone or in person, with Miller regarding the MERS lawsuit." (Ex. A to Reply to Mot. to Set Aside 2, ¶ 4, July 10, 2008.) Patock also denies that he has known of the case since March, 2007. Instead, he asserts that he "first learned about the case when [he] received a copy of the judgment entered by the court." (*Id.* at ¶ 6.)

In light of the above evidence, the Court is not convinced that Patock had actual notice of the instant action. Thus, the Court will apply the general rule that "the party asserting the validity of service bears the burden of proof on that issue."

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 8

*Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 493 (3d Cir. 1993).

To meet its burden, MERS points to the signed return of service showing that Patock was served with MERS' complaint and summons at the Rosedale Terrace address. A signed return of service generally serves as *prima facie* evidence giving rise to a presumption of valid service. *See Blair v. City of Worcester,* 522 F.3d 105, 111 (1st Cir. 2008); *Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005); *see also In re Graves*, 33 F.3d 242, 251 n.16 (3d Cir. 1994) (noting that the court "give[s] weight to an objective indication that process has been served"). The presumption of valid service may be rebutted if the defendant demonstrates that service was not received. *See Blair,* 522 F.3d at 111-12; *Homer*, 415 F.3d at 752; *see also O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (explaining that the presumption of valid service "can be overcome only by strong and convincing evidence" (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955)). Because MERS has provided *prima facie* evidence that Patock was served with process, the burden shifts to Patock to prove that service was not actually made.

Patock has submitted an affidavit stating that he was never served with the complaint and summons in this case. Patock avers

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 9

that he has never resided at the Rosedale Terrace address. Rather, Patock states that his home address is 56 Wittenberg Court, Oceanport, NJ 07757, and that his business has a mailing address at Caller Service 7202, Shrewsbury, NJ 07702, and a physical address at 43 Gilbert Street North, Tinton Falls, NJ 07724. Patock also avers that the physical description on the return of service does not match his description. MERS has not offered any evidence to rebut those declarations in Patock's affidavit.[6]

In view of the foregoing, the Court finds that Patock has satisfied his burden of proving that he was not actually served with the summons and complaint in this matter. *See, e.g., Blair,* 522 F.3d at 112 (holding that the defendant's affidavits were sufficient to rebut the *prima facie* presumption created by a return of service); *Ellibee v. Leonard,* 226 Fed. Appx. 351, 356 (5th Cir. March 15, 2007) (per curiam) (holding that the defendants averments sufficient to rebut the information in a signed return of service) (unpublished). Therefore, the entry of default against Patock as well as the March 20, 2008, Judgment were improperly entered and must be set aside. *See, e.g., Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995) (finding that "it would have been error as a matter of law

---

[6] MERS merely points again to the returns of service.

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 10

for the district court to enter a default judgment against [the defendant] when it was never served"); *Grand Entm't Group, Ltd.*, 988 F.2d at 493 ("The Spanish defendants have not been properly served under either Spanish or Pennsylvania law.  Therefore, the district court's entry of a default judgment for Grand and against the Spanish defendants cannot stand."); *Gold Kist, Inc.*, 756 F.2d at 19 (holding that a default judgment must be set aside as improperly entered because it was entered without sufficient service of the summons and complaint).[7]

---

[7] MERS also argues that Patock, having actual notice of the Judgment, manifested an intention to treat it as valid.  Section 66 of the Restatement (Second) of Judgments ("Section 66") provides:

> Relief from a default judgment on the ground that the judgment is invalid will be denied if:
>
> (1) The party seeking relief, after having had actual notice of the judgment, manifested an intention to treat the judgment as valid; and
>
> (2) Granting the relief would impair another person's substantial interest of reliance on the judgment.

Restatement (Second) of Judgments § 66 (1982).

However, as discussed above, the Court does not find that Patock had actual notice of the action before the entry of the default judgment.  Additionally, MERS has not shown that Patock manifested an intention to treat the Judgment as valid.  It offers only a letter from Steven Hogroian, Esquire to Gregory H. Hodges, Esquire and Justin K. Holcombe, Esquire, dated April 14, 2008, stating that Attorney Hogroian has "a client with a strong interest in the property" who "would like to purchase MERS' interest, namely the note, the mortgage and the judgment." (Ex. 4

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 11

  The Court's inquiry is not yet over.  MERS argues that the Court should require Patock to post a bond and pay attorneys' fees and costs incurred by MERS, Clearview, and Plaatsdale, as conditions to setting aside the Judgment.[8]

  The Court may, in appropriate circumstances, impose reasonable conditions on the vacatur of a default judgment in order to avoid prejudice to the opposing party. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 n.3 (3d Cir. 1984) ("[P]rejudice suffered by a non-defaulting party can be rectified through the trial court's power to impose terms and conditions upon the opening of a judgment."); *Wokan v. Alladin Intern., Inc.*, 485 F.2d 1232, 1234 (3d Cir. 1973) ("Rule 60(b) gives the district court explicit authority to impose terms upon the opening of a default judgment.").  "The condition most commonly imposed is the payment of costs or attorneys fees." *Wokan,* 485 F.2d at 1234.

  Additionally, "a number of circuits have approved of conditioning the vacatur of defaults or default judgments on the

---

to Opp'n to Mot. to Set Aside, Hogroian Letter 1, Apr. 14, 2008.)  The letter is unsupported by any affidavit or other certification of authenticity.  As such it cannot be considered competent evidence for purposes of the instant motion. *See Klinestiver v. Drug Enforcement Administration*, 606 F.2d 1128, 1129 (D.C. Cir. 1979) ("Competent evidence is . . . synonymous with 'admissible.'").  Thus, MERS' argument that the motion to set aside should be denied pursuant to Section 66 must fail.

  [8] MERS has not asserted any basis for requesting attorneys' fees and costs on behalf of the junior lien-holders.

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 12

posting of security for payment of all or part of an eventual adjudicated judgment." *Powerserve Intern., Inc. v. Lavi,* 239 F.3d 508, 515 (2d Cir. 2001) (citing *Philips Medical Systems Int'l B.V. v. Bruetman,* 8 F.3d 600, 602-04 (7th Cir. 1993); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988); and *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966). Yet, not every case warrants imposition of a bond as a condition of vacatur, and doing so may implicate due process concerns. *See Wokan,* 485 F.2d at 1235 (noting that, "[i]f appellant's claim that he simply is unable to comply with the condition imposed is true, serious questions are raised, questions having an aura of denial of due process of law"); *Powerserve Intern., Inc,* 239 F.3d at 515 ("Whether there is justification for such a condition will depend on the circumstances of the case, and it is incumbent on the district court to make findings sufficient to permit appellate review of the condition's reasonableness.").

 MERS has not cited, nor is the Court aware of, any case in which the United States Court of Appeals for the Third Circuit or any other appellate court has approved the imposition of such conditions where a default judgment was vacated as a matter of

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 13

law for lack of service of process.[9] Rather, the Third Circuit and other courts of appeals have approved such conditions in cases involving discretionary vacaturs, where the defendants failed to defend lawsuits despite being properly served with process. *See, e.g., Hritz,* 732 F.2d 1178; *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653 (3d Cir. 1982); *Wokan*, 485 F.2d 1232; *see also Powerserve Intern., Inc,* 239 F.3d at 515 (explaining that conditions may be imposed "in determining whether to *exercise its discretion* to set aside a default") (emphasis added).[10]

---

[9] In *O.T. Africa Line v. Top Exp., Inc.*, 125 F.3d 848, 1997 WL 592856 (4th Cir. Sept. 25, 1997) (unpublished), the defendant appealed from the district court's decision to condition the vacatur of a default judgment on the posting of a bond. The defendant argued that the judgment was void as a matter of law because it was never properly served with process, "and it should have therefore been automatically set aside without any conditions." *Id*. at *1. The United States Court of Appeals for the Fourth Circuit affirmed the decision below, but emphasized that "[t]he district court did not make a specific finding on the issue of whether service was proper in this case, and we decline to do so on appeal." *Id.*

[10] The state of Michigan has adopted a Court Rule that reflects this trend in the case law. It provides:

> The following provisions apply to an order setting aside a default or a default judgment:
>
> > (1) If personal jurisdiction was acquired over the defendant, the order must be conditioned on the defendant's paying or securing payment to the party seeking affirmative relief the taxable costs incurred in procuring the default or the default judgment and acting in reliance

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 14

The Third Circuit has implicitly suggested that it may be inappropriate to impose conditions to setting aside a default judgment for lack of service of process. In *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476 (3d Cir. 1993), default was entered against the defendants. The defendants thereafter entered the action and moved to set aside the entry of default, arguing that they had not been served with process. The district court found that the defendants had been properly served and conditionally entered default judgment against them. The court stated that the default would be lifted if the defendants satisfied certain conditions, including paying attorneys' fees and costs and posting a total of $300,000. The defendants failed to comply with the conditions and the default was confirmed. On appeal, the Third Circuit found that the defendants had not been properly served with the complaint and summons. *Id.* at 493. In a footnote, the court stated that in light of its finding that

---

> on it;
>
> (2) If jurisdiction was acquired by publication, the order may be conditioned on the defendant's paying or securing payment to the party seeking affirmative relief all or a part of the costs as the court may direct;
>
> (3) If jurisdiction was in fact not acquired, costs may not be imposed.

Mich. Ct. R. 2.625(D).

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 15

service was improper, there was no need to consider the validity of specific conditions the trial court imposed on vacating the default. *Id.* at 493 n.17. Rather, it simply reversed and remanded the matter to the district court with instructions to vacate the default judgment, without imposing any conditions on the vacatur. *Id.* at 493.

MERS cites one district court case in which the vacatur of a default judgment for lack of service of process was accompanied by certain conditions. In *Guess ?, Inc. v. Chang*, 163 F.R.D. 505 (N.D. Ill. 1995), a default judgment was entered against the defendant. The defendant moved to vacate the judgment for lack of service of process. The court granted the motion, finding that the default judgment must be vacated because the court lacked personal jurisdiction over the defendant, as she had not been properly served. *Id.* at 508. However, as a condition of vacating the default judgment, the court kept in place an order entered by the magistrate judge requiring the defendant to turn over certain items of personal property to the plaintiff. It also barred the liquidation of any of the defendant's personal property until her liability in the action was resolved. *Id*. The court reasoned that such conditions were necessary based on the magistrate judge's finding that the defendant was diverting assets and posed a risk of flight. *See id.*

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 16

  Here, unlike the defendant in *Guess ?, Inc.*, there is no evidence that Patock poses a flight risk or is likely to divert assets. Moreover, there is no evidence that Patock is at fault for the entry of default against him because he culpably failed to defend MERS' lawsuit. Moreover, the Court's decision to vacate the March 20, 2008, Judgment is not discretionary. Rather, the Judgment must be vacated as void *ab initio* because it was entered against a defendant who had not been properly served. Under these circumstances, the Court will not condition the vacatur of the March 20, 2008, Judgment on either the payment of attorneys' fees and costs or the posting of a bond.

  Finally, MERS requests that the Court appoint a receiver to collect rental income from the Property during the pendency of this action. As this Court has explained, "[t]he appointment of a receiver is an equitable remedy of rather drastic nature available at the discretion of the Court . . ." *Nat'l Investers Pension Ins. Co. v. Bayside Resort, Inc*., 1984 WL 2849, *2 (D.V.I. 1984) (quoting *Mintzer v. Arthur L. Wright Co.*, 263 F.2d 823 (3rd Cir. 1959)). In exercising its discretion, the Court considers the following factors: "1) whether the security is adequate to cover the debt, 2) whether the mortgagor is insolvent, 3) whether there exists in the mortgage instrument a pledge of rent and profits to the mortgagee, 4) whether waste has

*Mortgage Electronic Registration System, Inc. v. Patock, et al.*
Civil No. 2006-190
Memorandum Opinion
Page 17

been committed, 5) or whether the security is endangered by nonpayment of taxes." *Id.*

Here, MERS asserts generally that the appointment of a receiver in this case will produce an equitable result because it may afford MERS and the junior lien-holders "a greater chance to fully collect the debts owed to them." (Opp'n to Mot. to Set Aside 10, July 1, 2008.). However, MERS makes no attempt to establish any of the five factors listed above. Therefore, the Court declines to appoint a receiver to collect rents from the Property. *See, e.g, id.* (refusing to appoint a receiver where "provided no illumination on the other factors save number (3) above, which has been established by the record").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Patock's motion to set aside the default judgment against Patock. An appropriate Order follows.

S\_____
**Curtis V. Gómez**
**Chief Judge**